# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3681 | **DATE** | 3/5/2001 |
| **CASE TITLE** | LOIS HENDRICKS vs. U.S. POSTAL OFFICE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant, The United States Postal Office is dismissed, and Plaintiff's motion to amend the complaint is granted. Defendant's motion to dismiss amended complaint [6-1] is granted.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 05 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 01 MAR -5 PM 3:20 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOIS HENDRICKS, )
)
Plaintiff, )
)
v. )
) No. 00 C 3681
UNITED STATES POSTAL OFFICE, )
VILLAGE OF OLYMPIA FIELDS, a municipal ) Judge John W. Darrah
corporation, LAWRENCE M. MAGDOVITZ II, )
individually and as trustee for Lawrence )
M. Magdovitz II Trust, )
)
Defendants. )

DOCKETED MAR 0 5 2001

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant, United States Postal Service's (USPS), Motion to Dismiss plaintiff, Lois Hendrick's, complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. On June 22, 1999, plaintiff filed a Claim for Damage, Injury or Death with the USPS following a fall near the post office in Olympia Fields, Illinois. The claim was denied by letter dated December 21, 1999. The letter also informed the plaintiff that she could file suit in a United States district court no later than six months from the date of the letter. On June 19, 2000, plaintiff filed a one count complaint alleging negligence against USPS pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq. Summons for the complaint was issued on June 19, 2000, in part, to the Attorney Generals Office, Janet Reno, Attorney General of the United States, Department of Justice, Washington D.C. On August 16, 2000, summons was issued to the United States Attorney General's Office, Scott R. Lassar, U.S. District Attorney, Dirksen Federal Building, Chicago, Illinois. On October 31, 2000, with leave of this Court, the plaintiff filed an amended

complaint adding the Village of Olympia Fields and Lawrence M. Magdovitz as defendants.

The only party subject to a suit under the FTCA is the United States, independent agencies and departments are not proper defendants in a suit brought pursuant to the FTCA. 28 U.S.C. 2679(b)(1); *Hughes v. U.S.*, 701 F.2d 56, 58 (7th Cir. 1982) (*Hughes*); *Stewart v. U.S.*, 655 F.2d 741, 742 (7th Cir. 1981) (*Stewart*). The plaintiff does not dispute that the USPS should be dimissed; however, relying on the relation back doctrine, she seeks leave to file an amended complaint naming the United States as a defendant.

The Seventh Circuit has held that the relation back doctrine, as applied to the FTCA, requires that actual notice be received by the government within the six-month limitations period. *Hughes*, 701 F.2d at 58; *Stewart*, 655 F.2d at 742. In cases in which the government did not receive notice within the limitations period, the court has not allowed a plaintiff to amend a complaint based on the relation back doctrine. *Hughes*, 701 F.2d at 58; *Stewart*, 655 F.2d at 742. Relying on Rule 15(c), the Seventh Circuit has found the relation back doctrine appropriate when the complaint was served on at least the United States Attorney within the limitations period. *Paulk v. Department of the Air Force*, 830 F.2d 79, 82 (7th Cir. 1987) (relation back doctrine applied when the United States Attorney was served within the limitations even though the Attorney General of the United States was not served within the limitations period because 15(c) allows notice in the alternative); see also, *Miles v. Department of the Army*, 881 F.2d 777, 783 (9th Cir. 1989); *Edwards v. U.S.*, 755 F.2d 1155, 1157-58 (5th Cir. 1985).

Rule 15(c) of the Federal Rules of Civil Procedure sets forth the standards for determining when an amendment relates back. The rule provides, in pertinent part:

> An amendment of a pleading relates back to the date of the original

2

pleading when ... (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amended changes the party or the naming of a party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning he identity of the proper party, the action would have been brought against the party.

The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant is named, satisfies the requirement of subparagraphs (A) and (B) of this paragraph (3) with respect to the United States or any agency or officer thereof to be brought into the action as a defendant. Fed. R. Civ. Proc. 15(c)(2), (3).

In the instant case, the plaintiff has met the requirements set forth in Rule 15(c). The plaintiff's claim arises out of the same occurrences set forth in the original complaint and service was made within the limitations period on the Attorney General of the United States and the U.S. District Attorney was notified shortly thereafter of the complaint. See *Paulk*, 830 F.2d at 82; cf. *McMasters v. U.S.*, No. 98 C 6413, 2000 WL 336549 (N.D.Ill. Mar. 28, 2000) (relation back doctrine not applicable where the plaintiff completely failed to serve the U.S. Attorney).

Defendant, the United States Postal Office, is dismissed, and plaintiff's Motion to Amend the Complaint is granted.

Dated: 3-5-01

JOHN W. DARRAH
United States District Judge

3