# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3681 | **DATE** | 2/7/2002 |
| **CASE TITLE** | LOIS HENDRICKS vs. UNITED STATES, et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Status hearing held. Enter Memorandum Opinion And Order. Defendant Olympia Fields' motion for summary judgment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | | **Document Number** |
| | No notices required. | | | | | |
| | Notices mailed by judge's staff. | | | | | |
| | Notified counsel by telephone. | | | FEB 11 2002 | | |
| ✓ | Docketing to mail notices. | | | date docketed | | |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | | |
| LG | | courtroom deputy's initials | | date mailed notice | | |
| | | | | Date/time received in central Clerk's Office | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK

02 FEB -8 PM 12: 35

| | |
|---|---|
| LOIS HENDRICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 00 C 3681 |
| UNITED STATES, | ) |
| VILLAGE OF OLYMPIA FIELDS, a municipal | ) Judge John W. Darrah |
| corporation, LAWRENCE M. MAGDOVITZ II, | ) |
| individually and as trustee for Lawrence | ) |
| M. Magdovitz II Trust, | ) |
| | ) |
| Defendants. | ) |

DOCKETED

FEB 11 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lois Hendricks (Henricks), filed a three-count complaint against defendants for an alleged personal injury she suffered after falling on a sidewalk in front of the United States Post Office in Olympia Fields, Illinois. Before the Court is Defendant's, the Village of Olympia Fields' (Olympia Fields), Motion for Summary Judgment.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). However, the nonmovant must still come forward with evidence establishing the elements of its claim on which it bears the burden of proof at trial. As such, it must establish specific facts that show there is a genuine issue for trial. *Miller*, 203 F.3d at 1003.

On June 26, 1997, a route was provided for pedestrians to travel to a shuttle bus for a golf tournament. The route was located near the Olympia Fields Post Office on 203rd Street in Olympia Fields. The shuttle buses were parked on 203rd Street. Pedestrians walked both on the street and the sidewalk. (Plaint.'s 56.1(a)(3) Statement ¶ 3).

On this same day, Joe Brutti (Brutti), an Olympia Fields Public Works employee, was directed by Jim Guy (Guy), an Olympia Fields Police Officer, to paint a portion of the curb adjacent to 203rd Street and the sidewalk located in front of the post office. (Plaint.'s 56.1(a)(3) Statement ¶ 5). Brutti inspected the area, checking an area in a twenty-five foot diameter. Based on the inspection, Brutti painted a portion of the curb and some cracks on the sidewalk adjacent to the curb. (Id., at ¶ 6). He painted the area of the curb because he observed a difference in the grade level between the curb and sidewalk large enough to cause someone to trip over it, and he believed that pedestrians should be warned of this condition. (Id., at ¶ 7).

On June 27, 1997, Hendricks was in Olympia Fields with her husband for the golf tournament. (Plaint.'s 56.1(a)(3) Statement ¶ 1). An Olympia Fields' Police Officer was present to direct traffic. (Id., at ¶ 9). As Hendricks was walking from the street onto the sidewalk, she fell over a painted yellow curb onto the sidewalk. (Id., at ¶ 1). Hendricks stepped up to the curb; and, while stepping on the curb, her toe tipped down. Her ankle turned as she stepped down, and she fell onto a broken concrete sidewalk. (Id., at ¶ 2). Hendricks did not trip on the curb, and the curb did not cause her to slip and fall. (Def.'s 56.1(a)(3) Statement ¶ 12).

The curb and sidewalk area where Hendricks fell was not property owned by Olympia Fields. (Def.'s 56.1(a)(3) Statement). The premises complained of was owned by Lawrence Magdovitz and leased by the United States through its agent, The United States Post Office. (Id., at ¶¶ 14-15).

In a negligence cause of action, the plaintiff must establish the existence of a duty, a breach of that duty, and an injury proximately caused by the breach. *Ward v. K Mart Corp.*, 136 Ill. 2d 132, 140 (1990). The existence of a duty is a question of law. *Simpson v. Byron Dragway, Inc.*, 210 Ill. App. 3d 639, 645 (1991) (*Simpson*).

Liability in tort that arises from a defect in real property hinges on possession and control of the property, not mere ownership. *BucZak v. Central Savings & Loan Assoc.*, 230 Ill. App. 3d 490, 497 (1992). Generally, a defendant does not owe a duty to a plaintiff if the defendant does not control or intend to control the property. *Simpson*, 210 Ill. App. 3d at 645.

Hendrick's alleges that Olympia Fields voluntarily undertook a duty through its possession and control of the area of her fall. Evidence of its possession and control includes Olympia Fields' employees' snow plowing the area, cutting the lawn in the area, painting the curb the day before the fall, and directing vehicular and pedestrian traffic in the area. These actions are not disputed by Olympia Fields.

The above actions by Olympia Fields, at a minimum, establish a genuine issue of fact whether Olympia owed a duty to Hendricks based on its voluntary undertakings which demonstrate that it may have had possession and control of the property involved in Hendrick's fall.

Assuming *argumendo*, that Olympia Fields did owe Hendricks a duty, Hendricks must also establish that Olympia Fields breached that duty.

Liability may be imposed on a defendant for negligent performance of a voluntary undertaking. Under this theory, the duty of care imposed upon the defendant is limited to the extent of its undertaking. *Frye v. Medicare-Glaser Corp.*, 153 Ill. 2d 26, 32 (1992). Furthermore, where a duty of care is imposed because of a voluntary undertaking, a breach of that duty can only be found

3

where there is misfeasance rather than nonfeasance. *Demos v. Ferris-Shell Oil Co.*, 317 Ill. App. 3d 41, 51 (2000) (*Demos*). Misfeasance is the improper performance of an act that a person may lawfully do. Nonfeasance is the omission of an act which a person should do. *Demos*, 317 Ill. App. 3d at 51.

Hendricks argues that Olympia Fields breached its duty of care because it only painted a portion of the curb, never re-routed pedestrians from the area, never placed additional warnings, never advised the landowner of the condition, and never requested that the condition be repaired. Hendricks contends that theses actions constitute misfeasance because Olympia Fields continued to allow the same route for pedestrian traffic over the yellow painted curb without any warning and it failed to repair the hazard.

It is undisputed than an Olympia Fields' employee painted the curb in the area of Hendrick's fall because he observed a difference in grade level that he believed caused a hazard and warranted warning others of the hazard. Olympia Fields argues that the extent of this undertaking was painting the curb of which Hendricks has not demonstrated was done improperly. Any other actions sought by Hendricks, *i.e.*, additional warnings, would constitute nonfeasance, not misfeasance.

The undisputed facts demonstrate that Olympia Fields' interpretation of the extent of its undertaking in this regard is too narrow. Brutti testified at his deposition that he painted the specific area of the curb because of the difference in grade level and to warn others of the hazard because someone could trip over the hazard. Accordingly, only painting the curb and not providing any other type of warning could constitute misfeasance and a breach of duty. Therefore, a genuine issue of fact

exists whether Olympia Fields breached its duty of care, and summary judgment is inappropriate.

Based on the foregoing, Olympia Fields' Motion for Summary Judgment is denied.

Dated: Feb. 7, 2002

JOHN W. DARRAH
United States District Judge